**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael BROWN, Defendant–Appellant.**

**No. 08–13316
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 11, 2009.

Michael Brown, Coleman, FL, pro se.

Before TJOFLAT, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

Michael Brown, a federal prisoner convicted of crack cocaine offenses, appeals *pro se* the district court's denial of his motion for a reduced sentence filed pursuant to 18 U.S.C. § 3582(c)(2). After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)...." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment

---

1. "In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir.2008) (quotation marks omitted), *cert. denied*, — U.S. ——, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), *and* — U.S. ——, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009).

reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore,* 541 F.3d at 1330; *see also* U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision...." U.S.S.G. § 1B1.10 cmt. n. 1(A).

Brown's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. *See* U.S.S.G.App. C, amends. 706, 713. However, as a career offender, Brown's offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). This Court concluded in *United States v. Moore* that a crack cocaine defendant, like Brown, who was sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a § 3582(c)(2) sentence reduction. 541 F.3d at 1327–29.

Brown's argument that he is eligible for a § 3582(c)(2) reduction based on *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), is foreclosed by our precedent. *See United States v. Melvin,* 556 F.3d 1190, 1192–93 (11th Cir.2009) (concluding that *"Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *cert. denied,* —— U.S. ——, 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009); *United States v. Jones,* 548 F.3d 1366, 1369 (11th Cir.2008) (concluding that *Booker* does not provide a basis on which to grant a § 3583(c)(2) motion), *cert. denied,* —— U.S. ——, 129 S.Ct. 1657, 173 L.Ed.2d 1025 (2009).

Thus, the district court did not have the authority to reduce Brown's sentence and properly denied Brown's § 3582(c)(2) motion.

**AFFIRMED.**